## WILLIAM A. JACOBS v. LUCY W. WURTZ.

[Abstract Kentucky Law Reporter, Vol. 1—343.]

**Estoppel to Claim Dower.**

Where a married woman, to induce the court to set aside a sale of her husband's real estate subjected to pay his debts, offers to join in a resale and convey her dower interest, and a resale is ordered, the sale made and the purchase-money paid, and a commissioner of the court has conveyed the interest of the husband and wife, such married woman is estopped after the death of her husband to claim dower in such land.

APPEAL FROM GREENUP CIRCUIT COURT.

October 26, 1880.

OPINION BY JUDGE HINES:

An action was instituted against Wurtz to subject a certain piece of real estate to the payment of his debts, and sale having been made under decree of the court for that purpose the wife of Wurtz (ap-

pellee here) came into the case by petition and asked to have the sale set aside, and expressed a willingness to release all right to, dower and to execute such conveyance as the court might direct to such person as might become purchaser at a resale. The court set aside the sale, appointed a commissioner to examine Mrs. Wurtz, separate and apart from her husband, and to explain to her the contents of the petition and the effect upon her interest of a sale made under such terms.

The examination was made by the commissioner, who reported that Mrs. Wurtz "declared that she understood the contents and effect of her petition; that she freely and voluntarily signed said petition and was still satisfied therewith, and did not wish to retract the same." The commissioner further reported that he explained to Mrs. Wurtz that the effect of a sale under such pleadings would be to divest her of her potential right of dower in the lands sought to be sold. This report of acknowledgment was returned to court and spread upon the record by order of the court. After this a second sale was had in which appellant became the purchaser, and a deed made to him by the commissioner under order of the court directing the conveyance of all the right, title and interest of Wurtz and his wife. Subsequent to this and after appellant had received conveyance, paid the purchase-money and taken possession of the land, Wurtz died and this action was brought by appellee, the wife of Wurtz, against appellant to recover dower. The court below adjudged her dower, and from that judgment this appeal is taken.

Counsel for appellee insists that as the statute prescribes the manner in which a married woman may divest herself of her potential right of dower there is no other method, and that, therefore, her rights are unaffected by her participation in the suit and the decree under which appellant purchased. While it is true that when by her own act and without the intervention of the court a married woman attempts to divest herself of such an interest in lands the statute as to execution, acknowledgment, etc., must be complied with, it is equally true that like our *sui juris* she may be bound by the decree of a court having jurisdiction of the person and of the subject-matter, and she may be estopped by her acts to claim dower. It is immaterial that the acknowledgment was taken by the commissioner out of the county where the suit was pending. It would have been good if taken anywhere, and even without any such acknowledgment at all she could have precluded herself from claiming dower by becoming

a party to the suit and consenting to the sale upon the terms embraced in the decree. She does not pretend to say that there was any fraud or mistake, and that she did not fully consent to the sale of her potential dower right; and appellant having purchased on her solemn assertion that she released dower, it is now too late to complain. She will no more be permitted to take advantage of her own wrong than one who is *sui juris.* *Simpson v. Coons,* Mss. Opin., March 11, 1880.

Judgment *reversed* and cause remanded with directions to dismiss the petition.

E. F. *Dulin, for appellant.*

E. C. *Phister,* G. T. *Halbert, for appellee.*